UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Susan Marden,

    Plaintiff,

v.      Civil No.: 1:24-cv-00066-LM-AJ

Town of Bedford, NH

    Defendant
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **ANSWER AND JURY DEMAND OF DEFENDANT TOWN OF BEDFORD**

Defendant, Town of Bedford ("Town"), by way of Answer to the Complaint states as follows:

1. Town admits the first sentence but lacks knowledge sufficient to admit or deny the second sentence and therefore denies same.

2. Denied.

3. Denied.

4. Denied.

5. This paragraph is a statement of opinion and relief sought for which no response is required.

### **PARTIES**

6. Town lacks knowledge to admit or deny and therefore denies same.

7. Admitted.

8. Admitted.

## JURISDICTION AND VENUE

9. This paragraph is a statement of law and therefore no response is required.

10. This paragraph is statement of law and therefore no response is required.

## FACTS

11. Town lacks knowledge to admit or deny the first sentence of this paragraph and therefore denies same. Town admits the second sentence of this paragraph.

12. Admitted.

13. Town lacks knowledge to admit or deny as to plaintiff's state of awareness and therefore denies same. Town denies the allegations with respect to harassment and bullying.

14. Town denies the allegations of the first sentence of this paragraph. Town admits that female employees shared a locker room. Town lacks knowledge sufficient to admit or deny the third and fourth sentences and therefore denies same.

15. Town admits the first and second sentences of this paragraph. Town lacks knowledge sufficient to admit or deny the third sentence and therefore denies same.

16. Town lacks knowledge sufficient to admit or deny and therefore denies same.

17. Town lacks knowledge sufficient to admit or deny and therefore denies same.

18. Town lacks knowledge sufficient to admit or deny and therefore denies same.

19. Town lacks knowledge sufficient to admit or deny and therefore denies same.

20. Town lacks knowledge sufficient to admit or deny and therefore denies same.

21. Town lacks knowledge sufficient to admit or deny and therefore denies same.

22. Denied.

23. Denied as to allegations of harassment and discrimination; Town lacks knowledge sufficient to admit or deny plaintiff's claims of self-destructive thoughts, and therefore denies same. By way of further answer, in August of 2013, (a time frame well beyond the applicable statutes of limitations), plaintiff confronted Snow about her belief that he was speaking negatively about her behind her back about her performance. Plaintiff spoke with then Chief Wiggin and then HR Director Crystal Dionne about her concerns. There was no allegation at that time by plaintiff concerning any claim of gender-based harassment or retaliation. The Town conducted an investigation, counseled the lieutenant who was in charge of the shift where the "bad mouthing" was allegedly occurring, reassigned shifts, and conducted department training.

24. Town lacks knowledge sufficient to admit or deny and therefore denies same.

25. Town lacks knowledge sufficient to admit or deny and therefore denies same.

26. Denied in part; admitted in part. By way of further answer, in August of 2013, plaintiff confronted Snow about her belief that he was speaking negatively about her behind her back about her performance. Plaintiff spoke with then Chief Wiggin and then HR Director Crystal Dionne about her concerns. There was no allegation at that time by plaintiff concerning any claim of gender-based harassment or retaliation. The Town conducted an investigation, counseled the lieutenant who was in charge of the shift where the "bad mouthing" was allegedly occurring, reassigned shifts, and conducted department training.

27. Town denies the allegations that Snow's actions were intentional and/or designed to defame plaintiff. Town lacks knowledge sufficient to admit or deny the remainder of the claims of this paragraph and therefore denies same.

28. This is a statement of opinion for which no response is required. To the extent construed against it, the Town lacks knowledge sufficient to admit or deny and therefore denies same.

29. Town lacks knowledge sufficient to admit or deny and therefore denies same.

30. Town lacks knowledge sufficient to admit or deny and therefore denies same.

31. Town lacks knowledge sufficient to admit or deny and therefore denies same.

32. Town lacks knowledge sufficient to admit or deny and therefore denies same. By way of further response, to the extent this paragraph refers to the allegations in or about August 2013, see Town's response in ¶¶ 23, 26 above.

33. Town lacks knowledge sufficient to admit or deny and therefore denies same.

34. Town lacks knowledge sufficient to admit or deny and therefore denies same. By way of further response, to the extent this paragraph refers to the allegations in or about August 2013, see Town's response in ¶¶ 23, 26 above.

35. Town lacks knowledge sufficient to admit or deny and therefore denies same.

36. Town lacks knowledge sufficient to admit or deny and therefore denies same.

37. Town lacks knowledge sufficient to admit or deny and therefore denies same.

38. Town lacks knowledge sufficient to admit or deny and therefore denies same.

39. Except to deny the allegation of harassing behavior, the Town lacks knowledge sufficient to admit or deny the remainder of the allegations of this paragraph and therefore denies same.

40. Deny in part; admit in part. Assuming that this paragraph refers to the allegations in or about August 2013, see Town's response in ¶¶ 23, 26 above. Town lacks knowledge

sufficient to admit or deny the remainder of the allegations of this paragraph and therefore denies same.

41. Town lacks knowledge sufficient to admit or deny and therefore denies same.

42. Town lacks knowledge sufficient to admit or deny and therefore denies same.

43. Town lacks knowledge sufficient to admit or deny and therefore denies same.

44. Town is unable to admit or deny because no time frame is referenced and therefore denies same. By way of further response, to the extent this paragraph refers to the allegations in or about August 2013, see Town's response in ¶¶ 23, 26 above.

45. Denied. By way of further response, to the extent this paragraph refers to the allegations in or about August 2013, see Town's response in ¶¶ 23, 26 above.

46. Town admits that following its investigation in August 2013, no discipline was given to Snow.

47. Town lacks knowledge sufficient to admit or deny and therefore denies same.

48. Town lacks knowledge sufficient to admit or deny and therefore denies same.

49. Town lacks knowledge sufficient to admit or deny and therefore denies same.

50. Town lacks knowledge sufficient to admit or deny and therefore denies same.

51. Town lacks knowledge sufficient to admit or deny and therefore denies same.

52. Town lacks knowledge sufficient to admit or deny and therefore denies same.

53. Town lacks knowledge sufficient to admit or deny and therefore denies same.

54. Town lacks knowledge sufficient to admit or deny and therefore denies same.

55. Despite no date specified, Town denies any actions by Snow were targeted intimidations; Town lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

56. Town lacks knowledge sufficient to admit or deny and therefore denies same.

57. Town lacks knowledge sufficient to admit or deny and therefore denies same.

58. This is a statement of law or opinion for which no response is required. To the extent required, Town lacks knowledge sufficient to admit or deny and therefore denies same.

59. Denied as to allegations that Chief Wiggin and/or the Town encouraged discrimination; Town lacks knowledge sufficient to admit or deny the remainder and therefore denies same.

60. Denied as to allegations that Chief Wiggin and/or the Town encouraged discrimination; Town lacks knowledge sufficient to admit or deny the remainder and therefore denies same.

61. Town lacks knowledge sufficient to admit or deny and therefore denies same.

62. Town admits that Aaron Lambert was promoted to Captain in or about 2/21/21, but denies it was a reward for discrimination as alleged; Town further denies the allegation of broad sexist culture; Town lacks knowledge sufficient to admit or deny the remainder and therefore denies same.

63. This is a statement of law or opinion for which no response is required. To the extent required, Town lacks knowledge sufficient to admit or deny and therefore denies same.

64. Denied. By way of further response, the Town states that it responded to complaints made by both plaintiff and Snow as they arose. By way of further response, following the Town's internal investigation into plaintiff's complaint from August 2013 and March 28, 2024 (the Elliott Hospital "event" giving rise to plaintiff's formal complaint of 4/17/14), and the complaint Snow brought against plaintiff and others for harassment and hostile work environment in May 2015, the Town treated both of these as separate complaints.

It determined that it was appropriate to hire an outside investigator, Penelope Wheeler-Abbott. On 6/16/14, 6/19/24, and 6/24/24 Ms. Wheeler-Abbott met with plaintiff, Snow, several fire department lieutenants, the Deputy Fire Chief, the Chief and several other department members to conduct the investigation. The investigator issued her findings in a report to the Town dated 7/1/14. The investigator found that while Snow's demeanor could be unpleasant and at times unprofessional, it did not rise to the level of unlawful conduct of discrimination or harassment. Plaintiff was informed of the investigator's findings by letter dated 8/19/14. Plaintiff was cautioned in the same notification letter to manage her personal behavior as outlined. Plaintiff never grieved the finding in accordance with the CBA.

65. Admitted in part; denied in part. See response to ¶ 64.

66. Admitted in part; denied in part. See response to ¶ 64.

67. Admitted in part; denied in part. See response to ¶ 64.

68. Admitted in part; denied in part. See response to ¶ 64.

69. Town lacks knowledge sufficient to admit or deny and therefore denies same. By way of further answer, see response to ¶ 64.

70. Admitted in part; denied in part. See response to ¶ 64.

71. Admitted in part; denied in part. See response to ¶ 64.

72. Admitted in part; denied in part. See response to ¶ 64.

73. Admitted in part; denied in part. See response to ¶ 64. Additionally the referenced report of the outside investigator speaks for itself, as does the referenced letter from the Town to plaintiff informing her of the results.

74. Admitted in part; denied in part. See response to ¶ 64. Additionally the referenced report of the outside investigator speaks for itself, as does the referenced letter from the Town to plaintiff informing her of the results.

75. Denied. By way of further response, see response to ¶ 64.

76. Admitted in part; denied in part. See response to ¶ 64. Additionally the referenced report of the outside investigator speaks for itself, as does the referenced letter from the Town to plaintiff informing her of the results.

77. Town lacks knowledge sufficient to admit or deny the first sentence and therefore denies same. Town denies second sentence.

78. The statement is one of opinion or law for which no response is required. To the extent required the Town denies same.

79. The statement is one of opinion or law for which no response is required. To the extent required the Town denies same.

80. Town lacks knowledge sufficient to admit or deny and therefore denies same.

81. Town lacks knowledge sufficient to admit or deny and therefore denies same.

82. Town lacks knowledge sufficient to admit or deny and therefore denies same.

83. Town lacks knowledge sufficient to admit or deny and therefore denies same.

84. Town lacks knowledge sufficient to admit or deny and therefore denies same.

85. Town lacks knowledge sufficient to admit or deny and therefore denies same.

86. Town lacks knowledge sufficient to admit or deny and therefore denies same.

87. Town lacks knowledge sufficient to admit or deny and therefore denies same.

88. Town lacks knowledge sufficient to admit or deny and therefore denies same.

89. Town lacks knowledge sufficient to admit or deny and therefore denies same.

90. Town lacks knowledge sufficient to admit or deny and therefore denies same.

91. Town lacks knowledge sufficient to admit or deny and therefore denies same.

92. Town lacks knowledge sufficient to admit or deny and therefore denies same.

93. Town lacks knowledge sufficient to admit or deny and therefore denies same.

94. Town admits that it received a letter from Attorney Peter J. Peroni, dated 6/17/15 on Marden's behalf. By way of further response, on 5/28/15, Snow filed a complaint of hostile working environment and harassment. As a result of both, the Town hired an outside investigator, Penelope Wheeler-Abbott, who conducted an investigation and issued a report of her findings dated 9/9/15. The results of the investigation were verbally communicated separately to plaintiff (and Snow) by fire department administration in the fall 2015.

95. Admitted. By way of further response, see ¶ 94.

96. Denied. By way of further response, see ¶ 94.

97. Admit in part; deny in part. By way of further response, plaintiff drafted a policy she wanted to make the Town aware of in or about June/July 2016. Such a project was never assigned to plaintiff by the Town.

98. Admitted in part, that Snow filed a complaint against plaintiff on the date referenced arising out of plaintiff and Snow attending a training. Denied as to the characterization of the complaint filed by Snow.

99. Town lacks knowledge sufficient to admit or deny and therefore denies same.

100. Town lacks knowledge sufficient to admit or deny and therefore denies same.

101. Town lacks knowledge sufficient to admit or deny and therefore denies same.

102. Denied as to the basis of Snow's complaint; Town lacks knowledge sufficient to admit or deny plaintiff's perception and therefore denies same. By way of further response, Snow's complaint filed against Marden dated 6/23/16 speaks for itself. By way of further response, the complaint states that during the training on harassment, plaintiff looked back and stared at Snow with a huge grin on her face on three separate times during the training.

103. Town lacks knowledge sufficient to admit or deny and therefore denies same.

104. Town admits it did not adopt any policy authored by plaintiff. Town lacks knowledge sufficient to admit or deny the remainder and therefore denies same.

105. Town admits that in January 2017 SOG #A-0041 was adopted. Town admits that at the time Scott Hunter was Deputy Chief. Town denies the negative characterization of the word "finally."

106. Town lacks knowledge sufficient to admit or deny and therefore denies same. By way of further response, on 8/26/18 plaintiff was injured in a work-related accident and remained out of work until October/November 2018, after which she returned part-time. Subsequently plaintiff was taken out of work completely from 3/25/19—5/1/19, when she returned part-time. Plaintiff continued with part-time until 7/22/19 when she was taken out of work. Plaintiff began work-hardening on 12/11/19, and thereafter returned to work on 3/28/20.

107. Town lacks knowledge sufficient to admit or deny and therefore denies same.

108. Town lacks knowledge sufficient to admit or deny and therefore denies same. By way of further response, on 3/18/19 plaintiff made a verbal complaint to Deputy Chief Hunter, alleging that Snow made false reports about her regarding her paramedic

certification training to a third party outside of the Town, Scott Lancaster. Hunter conducted an investigation and prepared a report of his findings dated 4/18/19. The report speaks for itself. He determined that there was no gender-based harassment by Snow directed to plaintiff. He determined, however, that Snow's conduct warranted a written record of a verbal warning in accordance with the applicable CBA. Plaintiff's paramedic certification was not in any way interrupted, interfered with, or adversely affected; rather, plaintiff never took the paramedic test for reasons unknown to the Town.

109.    Town lacks knowledge sufficient to admit or deny and therefore denies same.

110.    Denied.

111.    Denied.

112.    Town lacks knowledge sufficient to admit or deny and therefore denies same.

113.    Town lacks knowledge sufficient to admit or deny and therefore denies same. By way of further response, see response in ¶108.

114.    Town lacks knowledge sufficient to admit or deny and therefore denies same. By way of further response, see response in ¶108.

115.    Town lacks knowledge sufficient to admit or deny and therefore denies same.

116.    Denied. By way of further response, the Town investigated plaintiff's verbal complaint of 3/18/19. Eight months later, on 11/15/19 Snow made a complaint of harassment against plaintiff arising out of events at a union meeting that occurred on 11/14/19. Plaintiff had not yet returned to full duty work. Plaintiff attended the union meeting. Plaintiff emailed Chief Hunter providing a "statement" in anticipation of a complaint she expected Snow to file against her for her actions at that union meeting. In the email plaintiff requested that Hunter notify her if Snow did file a complaint. On the

morning of 11/15/19, Hunter received an email from Lt. Lambert with a complaint from Snow against plaintiff for harassment and intimidation that took place at the union meeting. Hunter notified plaintiff that Snow had filed a complaint and that it would be investigated.

Hunter commenced an investigation into Snow's complaint. While the investigation was pending and citing Snow's complaint against her as the reason, plaintiff filed a harassment complaint against Snow on 11/19/19. In her email, plaintiff stated that the reason she filed a complaint against Snow was *because* he filed a complaint against her. Hunter asked Pam Hogan, Human Resources Director, to investigate the complaint made by plaintiff, while Hunter investigated the one made by Snow.

The result of the Snow complaint was that there was no finding of any harassment or intimidation, or any violation of BFD policy by plaintiff toward Snow. These findings were communicated to Snow by letter and verbally.

Hogan met with plaintiff on 11/26/19 to discuss what plaintiff's claims were against Snow. Plaintiff was accompanied by her union representative, Mr. Roarick. Plaintiff did not have specific allegations to make against Snow; rather her complaint was in response to Snow's complaint against her and did not consist of independent claims against Snow. For this reason, no further investigation was conducted. Hogan advised plaintiff if anything arose in the future, she could make a complaint with those allegations.

117. Town lacks knowledge sufficient to admit or deny and therefore denies same. By way of further response, see response to ¶116 above.

118. Admitted. By way of further response, see response to ¶116 above.

119. Admit meeting. By way of further response, see response to ¶108 above.

120. Denied.

121. Denied. By way of further response, see response to ¶116 above.

122. Admit that plaintiff filed a reciprocal complaint. By way of further response, see response to ¶116 above.

123. Town lacks knowledge sufficient to admit or deny and therefore denies same.

124. Town lacks knowledge sufficient to admit or deny and therefore denies same. By way of further response, see response to ¶116 above.

125. Denied.

126. Town lacks knowledge sufficient to admit or deny and therefore denies same.

127. Denied. By way of further response, shortly after the events in November 2019, in December 2019, the union and the Town conferred regarding the formulation of a Memo of Understanding ("MOU") specifically with respect to the behaviors of plaintiff and Snow. On 12/23/19, the Bedford Firefighters Association/Local 3639 Executive Team entered into a MOU with the Town, as a result of the multi-year history of interpersonal conflict between plaintiff and Snow. The MOU was drafted for the best interest of efficient operations and public safety, and speaks for itself. The MOU included that reasonable effort would be made moving forward to separate plaintiff and Snow, not be assigned to work the same shift, no work overtime assignments during each other's shift for same, separate training opportunities where feasible, and other components. Plaintiff did not grieve or object to the MOU.

128. Denied as phrased. By way of further response the MOU referenced in ¶127 speaks for itself.

129. Denied. By way of further response the MOU referenced in ¶127 speaks for itself.

130. Town lacks knowledge sufficient to admit or deny and therefore denies same.

131. Denied. By way of further response the MOU referenced in ¶127 speaks for itself.

132. Denied. By way of further response the MOU referenced in ¶127 speaks for itself.

133. Denied. By way of further response the MOU referenced in ¶127 speaks for itself.

134. Town lacks knowledge sufficient to admit or deny and therefore denies same.

135. Town lacks knowledge sufficient to admit or deny and therefore denies same.

136. Town lacks knowledge sufficient to admit or deny and therefore denies same.

137. Town lacks knowledge sufficient to admit or deny and therefore denies same.

138. Town lacks knowledge sufficient to admit or deny and therefore denies same.

139. Except to admit that in or about November 2020, online training was conducted, Town lacks knowledge sufficient to admit or deny the remainder and therefore denies same.

140. Town lacks knowledge sufficient to admit or deny and therefore denies same.

141. Town lacks knowledge sufficient to admit or deny and therefore denies same.

142. Town lacks knowledge sufficient to admit or deny and therefore denies same.

143. Admitted. By way of further response, following plaintiff's complaint that the allegations made by Snow in July 2021 were false, the Town hired an independent investigator, Talesha L. Saint-Marc, Esq. The investigator issued a report dated 9/7/21 in which she concluded that Snow did not have a good faith basis to report that Marden engaged in misconduct when he made his 7/7/21 report. Both plaintiff and Snow were notified of the outcome. Snow was issued a formal written warning following a disciplinary hearing.

144. Admitted plaintiff filed a complaint claiming the allegations made by Snow in July 2021 were false. By way of further response, see ¶143 above.

145. Admitted. By way of further response, see ¶143 above.

146. Admitted. By way of further response, see ¶143 above.

147. Town lacks knowledge sufficient to admit or deny and therefore denies same.

148. Town lacks knowledge sufficient to admit or deny what plaintiff thought and therefore denies same. By way of further response, Town denies harassment of plaintiff.

149. Except to admit plaintiff suffered a work-related injury on or about 9/15/21, Town lacks knowledge sufficient to admit or deny remainder and therefore denies same.

150. Except to admit plaintiff suffered a work-related injury on or about 9/15/21, Town lacks knowledge sufficient to admit or deny remainder and therefore denies same.

151. Except to admit plaintiff suffered a work-related injury on or about 9/15/21, Town lacks knowledge sufficient to admit or deny remainder and therefore denies same.

152. Except to admit plaintiff suffered a work-related injury on or about 9/15/21, Town lacks knowledge sufficient to admit or deny remainder and therefore denies same.

153. Town lacks knowledge sufficient to admit or deny and therefore denies same.

154. Town lacks knowledge sufficient to admit or deny and therefore denies same.

155. Town lacks knowledge sufficient to admit or deny and therefore denies same.

156. Town lacks knowledge sufficient to admit or deny and therefore denies same.

157. Town states that plaintiff filed her charge with the NH HRC on 6/19/20. By way of further answer, Town states that after filing its response with the HRC, the Town moved for dismissal of the charge due to the late filing under the applicable statute of limitations. The HRC granted the Town's motion on 9/16/22, finding that the last alleged

act of alleged discrimination was 3/18/19 and the MOU was not considered to be an act of discrimination. The HRC transferred the case to the EEOC.

158. Town admits only that plaintiff sought to amend her original HRC charge on 8/15/22, however, the HRC did not rule on the proposed amendment. Instead, the HRC granted the Town's motion to dismiss on 9/16/22, finding that the last alleged act of discrimination was 3/18/19, that the MOU was not considered to be an act of discrimination, and the HRC transferred the case to the EEOC before ever ruling on plaintiff's (then complainant) attempt to amend the charge.

159. Admitted.

160. Admitted.

161. Except to admit that a Right to Sue Letter was issued in or about December 2023 for which Town did not receive any notice, Town denies remainder of the allegations.

## COUNT I

### Gender Discrimination and Harassment in Violation of Title VII of the Civil Rights Act of 1964

162. Town repeats and reincorporates its responses to the preceding paragraphs as thought set for at length herein.

163. The statement is one of opinion or law for which no response is required.

164. The statement is one of opinion or law for which no response is required.

165. The statement is one of opinion or law for which no response is required.

166. The statement is one of opinion or law for which no response is required.

167. Except to admit a period of employment in which plaintiff was the only female firefighter, Town denies the remainder of the allegations of this paragraph.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

WHEREFORE, the Town demands dismissal of the Complaint with interest and costs thereon.

## DEFENSES

1. The Town denies all claims of liability and damages.

2. The Complaint fails to state a claim upon which relief can be granted.

3. Some and/or all of Plaintiff's claims are barred by the applicable statute of limitations both with respect to the within matter and those filed with any state and/or federal agencies.

4. Some or all of Plaintiff's claims are barred by the applicable Worker's Compensation laws for New Hampshire.

5. The Town denies that its actions or those of its agents, servants or employees resulted in any discrimination which violated any state or federal law with respect to the employment of the Plaintiff.

6. The Town asserts that it complied at all times with applicable state and federal laws, and its own policies and procedures.

7. Any and all action taken by the Town with respect to the Plaintiff was an exercise of business judgment made in good faith and for valid business reasons.

8. The Town raises the defenses of state and federal statutory and common law immunities and limitations to all claims, including but not limited to: R.S.A. 507-B:1, et seq.; R.S.A. 507-B:5; R.S.A. 507-B:2; and R.S.A. 507-B:4.

9. Plaintiff's alleged damages were caused in whole or in part by her own conduct, individually and/or in concert.

10. Plaintiff has failed to mitigate her damages, if any.

11. Plaintiffs suffered no damages as a result of any actions by the Town.

12. Plaintiff failed to follow the Town's applicable policies and/or procedures.

13. Plaintiff failed to comply with Town policy and procedure including but not limited to the applicable Collective Bargaining Agreement.

14. Plaintiff failed to exhaust applicable administrative remedies.

15. Plaintiff is not entitled to an award of punitive or enhanced compensatory damages relative to any pendent state law claims.

16. To the extent damages are recoverable, they are limited in whole or in part by applicable federal and/or state law limits on recovery.

17. Plaintiff voluntarily resigned her employment with the Town.

18. Accord and satisfaction are reserved as defenses.

19. Defendant reserves the right to rely on additional affirmative defenses should they become known during the course of discovery or trial.

## JURY DEMAND

Defendant demands a jury trial on all issues so triable.

                                      Respectfully submitted,

                                      Town of Bedford, NH

                                      by their Attorneys,
                                      FRIEDMAN FEENEY, PLLC

Date: May 5, 2024                         By:   */s/ Dona Feeney*
                                                    Dona Feeney, Esq. (NH Bar No. 12854)
                                                    95 North State Street, Suite 5
                                                    Concord, NH 03301
                                                    dfeeney@friedmanfeeney.com
                                                    (603) 783-5105

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was electronically served to all counsel of record through the ECF system.

Date: May 5, 2024                         By:   */s/ Dona Feeney*
                                                    Dona Feeney, Esq.